IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE ENRIQUE MARTINEZ, (TDCJ #1592217) | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-4303 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Jorge Enrique Martinez, a Texas state inmate, seeks a writ of habeas corpus under 28 U.S.C. §§ 2241, 2254. Representing himself, he challenges an aggravated robbery conviction. The respondent, Lorie Davis, moves for dismissal on the ground that the petition is barred by the one-year statute of limitations. (Docket Entry No. 6). Martinez has not responded.

Based on careful consideration of the pleadings, the motion, the record, and the applicable law, the court grants the respondent's motion and, by separate order, enters final judgment. The reasons are explained below.

### I. Background and Claims

Martinez was convicted of aggravated robbery with a deadly weapon in Cause Number 1161113, pending in Harris County, Texas. In August 2009, the trial court sentenced Martinez to a 37-year prison term.

The First Court of Appeals of Texas affirmed the judgment and sentence in March 2010. *Martinez v. State*, No. 01-09-00724-CR, 2010 WL 724524, at *1 (Tex. App.—Houston [1st Dist.]

2010). In May 2010, the Texas Court of Criminal Appeals refused Martinez's petition for discretionary review. *Martinez v. State*, PD-523-10 (Tex. Crim. App. 2010).

In April 2015, Martinez filed his first state habeas application under Article 11.07 of the Texas Code of Criminal Procedure, challenging his conviction. *Ex parte Martinez*, Application No. WR-77,420-02. The Court of Criminal Appeals denied the application in June 2015, without written order. *Id.*

Martinez filed this federal petition in November 2018, raising the following grounds for federal habeas relief.

1. Impermissibly suggestive identification procedures, both at a show-up and in court.

2. Insufficient evidence to support the conviction.

3. Prosecutorial misconduct because the State used perjured testimony.

(Docket Entry No. 1, at 9–16).

The threshold issue is whether Martinez filed his petition too late to permit consideration of his claims.

## II. The One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Because Martinez challenges a state-court conviction, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Martinez's conviction became final on August 24, 2010, when his time to file a petition for a writ of certiorari expired. *See* SUP. CT. R. 13.1, 13.3; *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). The limitations period expired one year later on August 24, 2011. Martinez did not file his federal petition until November 5, 2018. A merits review of his grounds for relief is barred unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending is not counted toward the limitations period. Because Martinez did not file his state habeas application until April 6, 2015, well after the limitations period had expired, he is not entitled to statutory tolling under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application does not toll limitation period under § 2244(d)(2) when it is filed after the period of limitation expires).

3

No other AEDPA provision applies to extend the limitations period. Martinez does not allege facts showing that he was precluded from filing a timely federal habeas petition as the result of state action. None of his claims relies on a newly recognized constitutional right that the Supreme Court retroactively applied to cases pending collateral review. *See* 28 U.S.C. § 2244(d)(1)(B)–(C). None of Martinez's proposed claims implicate a factual predicate that he did not discover earlier or could not have discovered earlier through due diligence. *Id.*, § 2244(d)(1)(D).

Martinez also fails to allege any extraordinary circumstance that would warrant extending the deadline through equitable tolling. Whether to apply equitable tolling is in the district court's discretion. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is generally warranted only when a petitioner is actively misled by the state or prevented from asserting his rights through a timely filed petition. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2000). "Neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 2009), *cert. denied*, 528 U.S. 1007 (1999). The petitioner has the burden of showing that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Nothing in the record suggests that the State of Texas misled Martinez or prevented him from filing within the deadline. Nor does the record support a conclusion that Martinez was diligent in pursuing his rights. Martinez let more than four years pass between the date his conviction became final and when he first sought to file a state habeas application. He then waited more than three

years after the Court of Criminal Appeals denied his state habeas application before filing his federal petition.

The record discloses no other basis to extend the limitations period. Given Martinez's lack of diligence, there is no "rare and exceptional" condition that justifies extending the filing deadline. *See Felder*, 204 F.3d at 173. His petition was filed too late to be considered on the merits. 28 U.S.C. § 2244(d).

## II. Conclusion

The respondent's motion to dismiss, (Docket Entry No. 6), is granted. Martinez's petition for a writ of habeas corpus, (Docket Entry No. 1), is dismissed with prejudice as time-barred. Any remaining pending motions are denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). When relief is denied on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This court concludes that jurists of reason would not debate the procedural rulings in this case or debate whether Martinez stated a valid claim for relief. A certificate of appealability will not issue.

SIGNED on March 29, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge